# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN JOHN BROKAW, #859107, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–1154−SMY |
| | ) | |
| ERICH TUCKER, | ) | |
| RUSSEL HECK, and | ) | |
| DAVE HUNTER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Benjamin Brokaw, an inmate at Chester Mental Health Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff claims the defendants subjected him to excessive force in violation of the Eighth Amendment and violated his due process rights. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): in spring or early summer 2017, while he was incarcerated at Chester Mental Health Center, Plaintiff was "beaten in the stomach [and] penis while in four point restraints by Erich Tucker [and] Dave Hunter in violation of the Eighth Amendment." (Doc. 1, p. 5). Russel Heck investigated the incident and took a statement and photographs that showed visible bruising. *Id.* Plaintiff's claim was found unsubstantiated nonetheless. *Id.* Plaintiff requests monetary damages. (Doc. 1, p. 6).

### Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** Defendants Tucker and Hunter subjected Plaintiff to excessive force in spring or early summer 2017, in violation of the Eighth Amendment.

**Count 2 –** Defendant Heck took Plaintiff's statement and photographed his injuries

after he was subjected to excessive force, and Plaintiff's claim was found unsubstantiated nonetheless, in violation of the Fourteenth Amendment.

As discussed below, Count 1 will proceed past threshold and Count 2 will be dismissed with prejudice. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

## Count 1 – Excessive Force

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Here, Plaintiff's allegations that Defendants Tucker and Hunter beat him while he was restrained are sufficient to state an excessive force claim against them. Count 1 will therefore proceed against these defendants.

## Count 2 – Due Process

To the extent Plaintiff seeks to bring a due process claim against Heck for finding Plaintiff's "claim" unsubstantiated, the Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. As such, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31 (internal citations omitted). In other words, because Plaintiff had no expectation of a particular outcome from his grievances, there is no viable claim that can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a

*prima facie* case under § 1983). Count 2 will therefore be dismissed with prejudice as legally frivolous.

**Pending Motions**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **TUCKER** and **HUNTER**.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that **HECK** is **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **TUCKER** and **HUNTER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if

not known, the defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 11, 2018**

**s/ STACI M. YANDLE**
**U.S. District Judge**